CREATIVE EYE, INC. *v.* JASON H. RAUM

JASON H. RAUM *v.* CREATIVE EYE, INC.

HOUSE, C. J., LOISELLE, MACDONALD, LONGO and BARBER, JS.

Argued May 7—decision released June 3, 1975

*Harold L. Rosnick,* with whom, on the brief, were *Sigmund L. Miller, Jerrold W. Engelman,* and *Samuel Engelman,* for the appellant (defendant and plaintiff Jason H. Raum).

*James F. Kenney,* with whom, on the brief, was *John J. Graham,* for the appellee (plaintiff and defendant Creative Eye, Inc.).

PER CURIAM. The two cases were tried together and involved a claim by the plaintiff lessee in the first case for damages arising out of a leasehold contract and a claim by the plaintiff lessor in the second case for rent alleged to be due under the leasehold contract. Judgment was rendered by the court for the lessee, the plaintiff in the first case and the defendant in the second case. Appeal was taken by the defendant in the first case from both judgments.

The trial of the two cases commenced on July 5, 1973, in the session of the court which ran from April 3, 1973, to July 9, 1973. The next session of the court commenced on July 10, 1973, and terminated on September 3, 1973. Judgment in both cases was rendered on September 19, 1973. On October 3, 1973, the appellant in both cases filed a combined appeal from the judgments rendered and moved for an extension of time to file his request for finding and draft finding, which was granted by the court. On October 25, 1973, the appellant filed a motion pursuant to General Statutes § 51-29 to set the judgments aside and for new trials in that such judgments were rendered after the expiration of the session of the court next succeeding the session at which trial was commenced.

A judgment is required to be rendered before the end of the session of the court next succeeding the session at which it was commenced. General Statutes § 51-29; *Bogaert* v. *Zoning Board of Appeals,* 162 Conn. 532, 536, 294 A.2d 573; *Spelke* v. *Shaw,*

117 Conn. 639, 644, 169 A. 787. A judgment rendered thereafter is voidable but not void. *Borden* v. *Westport,* 112 Conn. 152, 154, 151 A. 512; *Lawrence* v. *Cannavan,* 76 Conn. 303, 306, 56 A. 556. The lateness of a decision may be waived by consent or by conduct of the parties. *Hurlbutt* v. *Hatheway,* 139 Conn. 258, 263, 93 A.2d 161; *Whitaker* v. *Cannon Mills Co.,* 132 Conn. 434, 438, 45 A.2d 120. On the question of waiver subsequent to judgment after a late judgment is rendered, "the most that can reasonably be required is objection seasonably made after the filing of the decision." *Bogaert* v. *Zoning Board of Appeals,* supra, 538. The record reveals that there was no consent and that objection was made prior to the filing of the request for finding and draft finding, with no additional hearing or pleadings other than a request for extension of time to file the appeal papers. The court's conclusion regarding a Dickensian assertion concerning General Statutes § 51-29 may or may not be a valid observation, but such considerations are for the legislature. The court was in error in finding waiver.

At the commencement of trial, the trial court offered both sides the privilege of filing trial briefs or memoranda with the court for its guidance during the trial. This offer was made with the express provision that neither counsel need exchange his brief with opposing counsel so as to avoid any possible disclosure of strategy or legal questions which he might prefer to keep confidential until the appropriate time in the course of the trial. Counsel for the plaintiff in the first case did take advantage of this offer and did file such a trial brief. Any attack upon his ethical conduct is completely unfounded, irresponsible, and unprofessional, especially when

such filing was made in accordance with the invitation of the court. In passing, it might be noted that if trial briefs are filed the better practice of the court would be to order the exchange of briefs with opposing counsel.

There is error, the judgments are set aside and new trials are ordered.