STANLEY FRANK *v.* ANN STREETER ET AL.
(11900)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued February 15—decision released April 3, 1984

*Richard B. Laschever,* for the appellant (plaintiff).
*Jeffrey L. Williams,* for the appellees (defendants).

PETERS, J. This case concerns the requirement of General Statutes § 51-183b that the judgment of a trial court in a civil nonjury case shall be rendered "not later than one hundred and twenty days from the completion date of the trial."[1] The question before us is whether "the completion date of the trial" occurs upon the termination of the court hearing or upon the subsequent submission of trial briefs to the trial court.

The procedural history of this litigation is undisputed. The plaintiff, Stanley Frank, brought an action against the named defendant, Ann P. Streeter, and others[2] to enjoin the town of West Hartford from enforcing a town ordinance regulating commercial dealings in precious metals and stones. The case was heard by *Bernstein, J.,* to whom evidence was presented on October 27, 1981, and January 14, 1982. Thereafter, in accordance with the request of the trial court, the plaintiff filed a trial brief on January 25, 1982, and the defendants filed a trial brief on February 2, 1982. The trial court rendered its judgment in favor of the defendants on May 21, 1982.

The plaintiff filed a timely motion to set aside the judgment, claiming that the judgment should have been

---

[1] "[General Statutes] Sec. 51-183b. (Formerly Sec. 51-29). JUDGMENTS IN CIVIL ACTIONS. TIME LIMIT. Any judge of the superior court, who has commenced the trial of any civil cause, shall have power to continue such trial and shall render judgment not later than one hundred and twenty days from the completion date of the trial of such civil cause. The parties may waive the provisions of this section."

[2] The defendants other than Ann P. Streeter were Francis G. Reynolds, Nan Glass and the town of West Hartford.

rendered before May 14, 1982, 120 days after the completion of the testimony at the trial. The trial court, *Dupont, J.,*[3] denied the plaintiff's motion. The plaintiff has appealed from this adverse ruling.[4] We find no error.

The plaintiff argues here, as he did in the trial court, that his trial ended with the conclusion of testimony on January 14, 1982. If this is an accurate construction of "the completion date of the trial" under § 51-183b, then the decision rendered by *Bernstein, J.,* was one week too late. A delay in decision beyond that authorized by the statute makes the decision voidable and, absent waiver, requires a new trial. *Creative Eye, Inc.* v. *Raum,* 168 Conn. 560, 561–62, 362 A.2d 845 (1975); *Bogaert* v. *Zoning Board of Appeals,* 162 Conn. 532, 536–38, 294 A.2d 573 (1972); *Borden* v. *Westport,* 112 Conn. 152, 154, 151 A. 512 (1930).

The difficulty with the plaintiff's position is that all of the cases upon which he relies were interpretations of a prior statute,[5] under which judgment was required

---

[3] The motion was heard by *Dupont, J.,* with the consent of all parties, because *Bernstein, J.,* had elected to take the status of senior judge, and was not then hearing cases.

[4] The plaintiff's appeal originally encompassed issues other than the denial of his motion to set aside the judgment. At oral argument, however, he withdrew those other issues from the consideration of this court.

[5] Former General Statutes § 51-29 provided, until 1977: "Sec. 51-29. CONTINUANCE OF TRIAL BEYOND TERM OF SESSION. RENDERING OF JUDGMENT IN NEXT TERM. Any judge of the superior court or the court of common pleas, who has commenced the trial of any civil cause, shall have power to continue such trial and render judgment after the expiration of the term or session of the court at which such trial was commenced; but such trial shall be ended and judgment rendered therein before the close of the next term or session."

Thereafter, the statute became General Statutes § 51-183b: "Sec. 51-183b. (Formerly Sec. 51-29). JUDGMENT WITHIN EIGHT MONTHS OF COMMENCEMENT OF TRIAL. Any judge of the superior court, who has commenced the trial of any civil cause, shall have power to continue such trial and render judgment not later than eight months from the commencement of the trial of such civil cause. The parties may waive the provisions of this section."

to be rendered before the end of the session of the court next succeeding the session at which it was commenced. These cases furnish no guidance to the construction of the present statute which, as amended by Public Acts 1981, No. 81-52, sets a period for decision which commences upon the occurrence of a different event, "the completion date of the trial."

In determining that "the completion date" includes the filing of briefs, the trial court held that briefing of the legal issues was a component of the judicial gathering of the materials necessary to a well-reasoned decision. In related contexts, "completion" has been held to encompass the availability of all the elements directly or indirectly to be considered in the rendering of a decision. See *Bankamerica Corporation* v. *Board of Governors*, 596 F.2d 1368, 1378 (9th Cir. 1979); *Lloyd* v. *Illinois Regional Transportation Authority*, 548 F. Sup. 575, 590 (N.D. Ill. 1982). We agree that the trial in this case was not complete until February 2, 1982, and that the decision rendered was therefore timely.

We recognize that our construction of the requirement of § 51-183b makes the time period for rendering a decision more open-ended than it was previously. The legislature may well have intended to allow such flexibility as a tradeoff for reduction of the allowed period from eight to four months.[6]

Such a legislative judgment is entirely consistent with the emergent law of judicial administration in this state and elsewhere. Although there is general agreement that courts, in accordance with the principles of case-

---

[6] The legislative history of the 1981 amendment reflects emphasis on the shorter time period rather than on the later triggering point. See 24 S. Proc., Pt. 3, 1981 Sess., p. 730. In testimony before the Judiciary Committee, Judge Maurice J. Sponzo noted the administrative difficulty of requiring a decision within eight months of the commencement of a trial whose length it might be difficult to determine in advance. Judiciary Committee Proc., Pt. 3, 1981 Sess., p. 736.

flow management; *In re Mongillo,* 190 Conn. 686, 691, 461 A.2d 1387 (1983); should decide cases promptly after their submission, it is also recognized that "[t]he administration of a system of time standards must . . . avoid becoming entirely mechanical." American Bar Association, Commission on Standards of Judicial Administration, Standards Relating to Trial Courts § 2.52 Commentary (1976). Recent cases in other jurisdictions have held that statutory and constitutional provisions containing specific time periods for the rendering of judgments are directory rather than mandatory. See *Wustrack* v. *Clark,* 18 Ariz. App. 407, 408–409, 502 P.2d 1084 (1972); *Uptime Corporation* v. *Colorado Research Corporation,* 161 Colo. 87, 91, 420 P.2d 232 (1966); *Maryland State Bar Assn.* v. *Hirsch,* 274 Md. 368, 373–74, 335 A.2d 108, cert. denied, 422 U.S. 1012, 95 S. Ct. 2638, 45 L. Ed. 2d 676 (1975); *Allied Scrap & Salvage Corporation* v. *State,* 26 App. Div. 2d 880, 274 N.Y.S.2d 317 (1966); *Exton Drive-In, Inc.* v. *Home Indemnity Co.,* 436 Pa. 480, 485 n.1, 261 A.2d 319 (1969), cert. denied, 400 U.S. 819, 91 S. Ct. 36, 27 L. Ed. 2d 46 (1970); *Breland* v. *State,* 253 S.C. 187, 196–97, 169 S.E.2d 604 (1969); *Merkley* v. *Schramm,* 31 Wis. 2d 134, 138, 142 N.W.2d 173 (1966). When litigation raises difficult questions of law, a trial court is well-advised to request briefs and to defer its written decision until such time as the court has had the opportunity to deliberate and to reach a thoughtful, reasoned conclusion. National Conference of State Judges, The State Trial Judge's Book, 194 (1969). Delay in the trial courts is not remedied by affording disappointed litigants automatic access to new trials whenever the just resolution of their cases requires time for study and reflection.

There is no error.

In this opinion the other judges concurred.