[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT
The plaintiff moves for summary judgment on the grounds that the defendant agency's decision was not timely rendered pursuant to Conn. Gen. Stat. 22a-373.
The defendant moves for summary judgment on the grounds that plaintiff is not entitled to summary judgment approving the diversion permit by operation of law in that the defendant agency rendered a timely decision within the 120 day period.
The plaintiff, City of Groton, filed an amended complaint on November 30, 1990, alleging in a single count that the defendant, Leslie Carothers, Commissioner, Department of Environmental Protection (DEP), acted untimely in rendering a decision on the plaintiff's pending application for a diversion permit, applied for under Conn. Gen. Stat. 22a-365, et seq. The plaintiff further alleges that as a matter of law its application for a water diversion permit should be granted because defendant agency failed to comply with Conn. Gen. Stat. 22-373(d) in rendering its decision within 120 days after the close of a public hearing.
Plaintiff is seeking a writ of mandamus ordering defendant agency to grant plaintiff's diversion permit. On January 22, 1991 the plaintiff filed a motion for summary judgment and a memorandum of law in support. On November 30, 1990, defendant filed an answer to plaintiff's complaint.
On January 28, 1991 defendant filed a motion for summary judgment and a memorandum of law in support of defendant's motion and in opposition to plaintiff's summary judgment CT Page 3521 motion. Defendant alleges that the Commissioner's final decision, rendered on November 21, 1989, denying plaintiff's application for a water diversion permit was timely and summary judgment should be entered determining this action on its merits.
As required by Conn. Practice Bk. 379 the pleadings are closed between the parties.
Conn. Practice Bk. 379 provides that "any party may move for summary judgment provided that the pleadings are closed." Orticelli v. Powers, 197 Conn. 9, 15 (1985). The Supreme Court in Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578-79 (1990) stated the standard of review for a motion for summary judgment is as follows:
 Practice book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A material fact . . . [is] a fact which will make a difference in the result of the case. The test is whether a party would be entitled to a directed verdict on the same facts.
 Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book 380.
 The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist.
 To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents. (Citations omitted) CT Page 3522
Id. at 578-579.
Conn. Gen. Stat. 22a-373 (a) in part states: "The commissioner shall, within one hundred and twenty days of the close of the hearing, make a decision either granting or denying the application. . . ." If a decision is not made within one hundred and twenty days of the close of the hearing it shall be deemed granted. Conn. Gen. Stat. 22a-373 (d).
To determine if plaintiff is entitled to summary judgment it must be determined what date the hearing closed. "Where a statute does not define a term, it is appropriate to look to the common understanding expressed in the law and in the dictionaries." Southington v. State Board of Labor Relations, 210 Conn. 549, 561 (1989). (Citations omitted). A hearing is defined in Blacks Law Dictionary 649 (5th ed., 1979) as: "Proceeding of relative formality (though generally less normal than a trial), generally public, with definite issues of fact or of law to be tried, in which witnesses are heard and parties proceeded against have right to be heard, and is much the same as a trial and may terminate in final order." "A `hearing' can be merely for the purpose of presenting arguments and the term embraces any oral proceeding before a tribunal." Esposito v. Planning Commission, 6 Conn. App. 41
(1986) citing Rybinski v. State Employees' Retirement Commission, 173 Conn. 462, 469-70.
"Ordinarily, the construction and interpretation of a statute is a question of law for the courts. . . ." Southington v. State Board of Labor Relations, 210 Conn. 549, 559 (1989). "It is true that courts ordinarily give great deference to the construction of a statute adopted by the agency charged with its enforcement." State v. Lang, 23 Conn. App. 272, 277
(1990). (Citation omitted).
The defendant alleges that the Regulations of Connecticut State Agencies provide the rules of practice that the DEP follows. DEP regulation 22a-3a-1a(5)(c) states in part:
 (C) In a contested case, the record shall be deemed closed (1) upon the close of oral arguments and the expiration of any time period granted by the commissioner to submit briefs or other documents, or (2) if after issuance of a proposed decision under subsection (e)(9) of this section no party makes a timely request for oral CT Page 3523 argument and no time period is granted to submit briefs or other documents, fifteen days after service of the proposed decision.
A contested case is defined as a proceeding, . . ., in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held. . . ." Uniform Administrative Procedure Act 4-166 (2).
The plaintiff alleges that the hearing was closed on June 26, 1989. The defendant, however, alleges that the close of the record is the close of the hearing. Therefore defendant alleges that the hearing closed on September 25, 1989.
Plaintiff alleges it is entitled to have the water diversion permits granted because of defendant's failure to render a timely decision pursuant to Conn. Gen. Stat. 22a-373.
In the joint stipulation of facts the parties submitted that on July 17, 1989, after the public hearing, Hearing Officer Clyde Fisher issued a proposed decision. The parties further submitted that on July 17, 1989, David Knishkowy, Director of the Adjudication Unit of the DEP, wrote a letter to the parties requiring them to file within fifteen days of the proposed decision any briefs, exceptions or requests for oral argument in accordance with 22a-3a-1(e)(9) Conn. Agencies Regs. On August 1, 1989, the Town of Ledyard filed a request for intervention and a brief in opposition to the proposed decision taking exception to the proposed decision requesting an oral argument. Oral argument was granted and held on September 25, 1989. We find that September 25, 1989 was the close of hearing, like a trial when all the materials are gathered to make a well reasoned decision. The case at bar is a contested case because a hearing was in fact held on June 26, 1989 and September 25, 1989. In a contested case the DEP follows 22a-3a-1(a)(5)(c), which governs closing the record upon the close of oral arguments and after the time period to submit briefs has expired.
In Frank v. Streeter, 192 Conn. 601 (1984), the court had to determine what was the completion date of the trial. In determining that "the completion date" includes the filing of briefs, the trial court held that briefing of the legal issues was a component of the judicial gathering of the materials necessary to a well-reasoned decision. Id. at 604. In related contexts, "completion" has been held to encompass the availability of all the elements directly or indirectly to be considered in the rendering of a decision." Id. (Citations CT Page 3524 omitted).
This case presents a question of law turning upon the interpretation of Conn. Gen. Stat. 22a-373. This is a contested case. The hearing therefore closed upon the close of oral arguments, September 25, 1989. The defendant agency rendered a decision within 120 days from the closing of the hearing. We conclude, that defendant's decision was timely and that plaintiff is not entitled to the granting of the diversion permits by operation of law. Accordingly, plaintiff's motion for summary judgment is denied. Defendant's cross motion for summary judgment is granted as a matter of law because there is no genuine issue as to any material facts.
M. Hennessey, J.