[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO VACATE REFERENCE
The defendants filed a motion to vacate the reference to the Attorney Trial Referee (ATR) on March 9, 1992, which was argued on July 27, 1992.
The case was previously sent back to the ATR after the court's decision dated October 31, 1991 on the motions to accept and reject the ATR's report dated January 23, 1991. After the case was returned to the ATR, the parties eventually stipulated to additional facts on the issues of interest and CT Page 7245 attorney's fees, and decided not to have additional testimony. The ATR was prepared to file a corrected report when this motion was filed. The delays in scheduling the motion were not due to any acts or omissions of the ATR who properly delayed filing an amended report while motion was pending.
The defendants have argued that the reference must be revoked for two reasons: (1) the 120 day rule in section 430A of the Practice Book, and (2) section 443 does not allow reference of the case back to the ATR.
The first ground was partially covered in the decision of October 31, 1991 which referred the case back to the ATR. Section 430A took effect on October 1, 1990, which was after the case had been heard but prior to the ATR's report of January 23, 1991. Section 430A states: "An attorney trial referee to whom a case has been referred shall file a report with the clerk of the court, with sufficient copies for all counsel, within one hundred and twenty days of the completion of the hearing before such referee." As noted in the prior ruling, it is questionable whether section 430A should be applied retroactively to cases heard before October 1, 1990 by ATRs since there was no time limit for an ATR report before that date.
More important, the rule does not provide that reports made more than 120 days after completion of the hearing are void or subject to invalidation upon motion of one of the parties. The defendants made this claim after the referee made the report January 23, 1991, although the 120 days had expired prior to that date, when it became apparent from the report that the case was not going their way.
In Frank v. Streeter, 192 Conn. 601, 605, which discussed the history of section 51-183b, the statute requiring trial judges to render a judgment within 120 days of completion of civil trials, it was noted that cases in other states have held that statutory provisions containing specific time periods for rendering judgments are directory rather than mandatory. An ATR report is not a judgment and not subject to the same jurisdictional limitations. There is no statute comparable to 430A, a rule adopted by the judges of the Superior Court who supervise ATRs. The purpose of the rule is to expedite judicial business, not to create more procedural technicalities in civil cases. The remedy for tardy ATRs who violate the 120 day rule is for a judge to revoke the reference depending on the situation presented, the position of the parties, the reason for the delay, and whether revocation of the reference at that time would be productive or counter-productive. In short, whether to allow the ATR to continue with the case is a CT Page 7246 matter of trial court discretion. This is consistent with the other rules in Chapter 15 of the Practice Book where references to ATRs are subject to revocation by the court. Section 432 provides in part that "[a]ny reference shall continue in force until the duties of the committee thereunder have been performed or the order revoked." See also sections 430 and 443. Finally, section 444 allows any judge of the court in which the report is filed for good cause shown to grant extensions of time for filing motions to correct "and for taking any of the other steps herein provided."
Similar considerations apply to the defendants' other claim. While the memorandum of October 30, 1991 stated that the case was referred back to the ATR under section 443 for the purpose of additional evidence and clarification of findings on some of the issues raised in the defendants' objection to the report, the effect of the ruling was not to revoke the reference or accept the report at that time. While section 443 provides in part that if there are "reasons why the report should not be accepted, the court shall reject the report and refer the matter to the same or another committee for a new trial or revoke the reference and leave the case to be disposed of in court," this does not mean that the court has no other options in any case. The defendants read this phrase blindly, conveniently ignoring other parts of section 443 and the other rules on ATRs. The defendants' objection to the report was made under section 440. It was apparent to the court that some material factual issues had not been decided which were essential for it to determine whether the report should be accepted. Section 443 also provides that "[t]he court shall render judgment as the law requires upon the facts in the report as it may be corrected" (emphasis added), and that it "may correct a report at any time before judgment. . . ." Section 432 allowed the reference to be continued, and section 444 allowed the court for good cause to give additional time to the referee to complete the report. A referee is also allowed under section 437 to file an amendment to a report or file an amended report at any time before the report is accepted. On October 30, 1991, the case had not reached the point where the options argued for by the defendants were the only ones left under the rules. The court neither accepted or rejected the report, and it was not necessary to have another trial before the same or another ATR at that time. The prudent course was to allow the referee to complete the report and allow additional time for that purpose rather than revoking the reference with the resulting delays of a new trial.
The ATR is prepared to act in response to the court's direction after receiving the additional evidence from the parties. Revocation of the reference now is not required and CT Page 7247 would unreasonably delay conclusion of the case.
The motion to vacate is denied, and the ATR is directed to file the amended report.
Robert A. Fuller, Judge