[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE JUDGMENT #165
The defendant moves the court to open and set aside the judgment on the ground that the trial court failed to render its judgment within the 120-day period set forth in General Statutes section 51-183b. The defendant argues that absent a waiver of the provision of the statute, the judgment is invalid and the court lacks personal jurisdiction. The motion to set aside is denied.
The court finds that the defendant waived the 120-day time period which was to expire April 3, 1993, calculated from the date of the last memorandum of law filed on December 4, 1992. In the intervening time, however, the judge had had correspondence with counsel requesting certain measurements at the subject property. Counsel provided these measurements on or about March 2. On March 26, the judge asked to view the property a second time (the first time having been in November 1992) as he had lost his field notes. Counsel and the judge agreed upon April 7 as the date for the viewing.
The court finds that the defendant waived the tardiness of the decision.
 That the lateness of the decision of a case may be waived by the conduct of a party there can be no doubt. (Citations omitted) Such a waiver is not ordinarily to be inferred, however, from the mere inaction of a party prior to the time the judge files his memorandum of decision. Unless some situation develops which in reason requires the party to protest, or unless he consents to the delay either expressly or impliedly, as by agreeing to an additional hearing or by a tardy filing of his brief, no waiver will be spelled out. (Citations omitted.) Hurlbutt v. Hatheway, 139 Conn. 258, 263.
In his brief dated May 14, 1993 the defendant states that "[N]o CT Page 8567 situation developed which required the defendant to protest the court's late decision prior to its issuance." The defendant's position is that the defendant did not impliedly waive his consent to a late decision when counsel agreed in late March to view the property on April 7, four days after the expiration date of the 120-day period. The fact that the judge indicated he was writing his decision and wanted a second viewing with the parties created a situation to which the defendant might have properly protested. The defendant's agreement to the April 7 date which counsel should have recognized as being beyond the 120-day period, constituted implied consent to the late filing of the memorandum of decision.
The defendant's counsel argues that waiver is the intentional relinquishment of a known right, Breen v. Aetna Casualty Surety Co., 153 Conn. 633, 644. In his affidavit counsel states that when he agreed to the April 7 viewing date he was not aware of the expiration of the 120-day period and therefore, neither knowingly or intentionally relinquished his client's right to a timely decision. However, waiver may be inferred. Acts or conduct inconsistent with the intention to assert a right are sufficient to constitute waiver. Hendsey v. Southern New England Telephone Co., 128 Conn. 132, 135.
Defendant also argues that the viewing was analogous to the judge's re-reading of the briefs. This court does not agree. The judge needed a second viewing to gather "the materials necessary to a well-reasoned decision. "Frank v. Streeter, 192 Conn. 601, 604.
In that case the court construed the meaning of "completion date" in an earlier version of section 51-183b. ". . .' [C]ompletion `has been held to encompass the availability of all the elements directly or indirectly to be considered in the rendering of a decision." (Citations omitted) Id. 604. "The inspection furnished evidence as truly as though similar information had been presented by the lips of witnesses . . . ." Shaphir v. Neustadt, 177 Conn. 191,199.
For the foregoing reasons, the motion to set aside is denied.
LEHENY, J.