[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO VACATE
In this case evidence before an attorney trial referee concluded on April 2, 1993. The parties were given two weeks to file briefs and they were filed April 16, 1993. A decision was rendered adverse to the defendant by the trial referee on April 11, 1994 and the decision was filed in court on April 26, 1994.
PB § 430A states: "An attorney trial referee to whom a case has been referred shall file a report with the Clerk of CT Page 2745 the Court within 120 days of the completion of the hearing before such referee." The defendant never was asked and did not "agree" to an extension of the time within which the referee could file the memorandum of decision. Based on these facts, the defendant asks that the "Memorandum of Decision" be vacated and declared "null and void."
The intervening plaintiff opposes the motion to vacate and has brought further facts to the court's attention. On August 13, 1993, within the previously mentioned 120-day period, defense counsel sent the trial referee a Magistrate's Recommendation in a District Court case whose reasoning he felt was "applicable to" this matter. This decision was some 18 pages long and referred to numerous authorities. On November 11, 1993 outside the 120 day period the defendant wrote another letter to the trial referee correcting information as to the date on which the District court Magistrate made his decision. On March 3, 1994 defense counsel sent another letter to the trial referee which enclosed a 33 page decision by the Federal District Judge citing and referring to a veritable river of Federal case law.
Shortly thereafter, the Trial Referee rendered a decision against the defendant and the defendant now asks that the Memorandum of Decision be vacated for violation of the 120 day rule set forth in PB § 430A.
In Frank v. Streeter, et al, 192 Conn. 601 (1984) the court interpreted Section 51-183b of the General Statutes which provides that a judge who tries a court case "shall render judgment not later than one hundred and twenty days from the completion date of the trial." The plaintiff moved to set aside the judgment claiming the 120 day rule had been violated.
The last day of evidence was on January 14, 1982.
"Thereafter in accordance with the request of the trial court" id. at page 602 trial briefs were filed as late as February 2, 1982. The trial court did not render a decision until May 21, 1982 and the plaintiff claimed this was seven days beyond the 120 day limit. The court held that "completion date of trial" in the statute includes the time up to the point when the post trial briefs are filed. Important language in this decision at page 605 says: CT Page 2746
 "When litigation raises difficult questions of law, a trial court is well-advised to request briefs and to defer its written decision until such time as the court has had the opportunity to deliberate and reach a thoughtful, reasoned conclusion." (emphasis added).
The reasoning behind Frank seems to be that if the trial judge needs more time to consider a case and wishes to do so in a thorough manner then he or she should request briefs. To encourage that process the court interpreted the statute's language — "completion date of trial" — to mean the date on which the court ordered that post-trial briefs were to be filed. The practice book section (§ 211A) which gives trial judges 120 days within which to file their decision explicitly adopts the reasoning of Frank when it says that the 120 period shall run from the date the matter is heard or the date thelast brief ordered by the court is filed, whichever occurs later." (Emphasis added).
As to PB § 430A governing trial referees, Moller and Horton note it was amended effective October 1, 1992 in response to Frank. The amendment changed the earlier language "hearing before such referee" to "trial before such referee,"Connecticut Practice at page 265. This change clarifies the deadline in cases where post-trial briefs are filed. If the amendment was made in response to Frank presumably the drafters were aware of its full reasoning which alluded to the fact that the time period should run from the date on which the referee requested post-trial briefs to be filed.
The rules should be read together and should be read consistently and the advantage of saying that the 120 days runs from the date on which the trial judge, short calendar judge or referee requested post-trial briefs to be filed, is that not only is this consistent with the language of Franks
and the explicit language of PB § 211A but also there is a bright line test which no one can mistake — 120 days from the date on which the last post-trial brief is due.
Unfortunately life is more complicated than the rules that are invented to regulate it. A not uncommon phenomena is for zealous or perhaps nervous lawyers to keep sending judges CT Page 2747 and referees letters and even memorandums containing new authority or cases and doing so not at the court's or referee's request but on their own volition. Should that extend the time period? Certainly the judges or referees would have no problem with that — it gives them more time to produce their decisions. However, it is not fair to opposing counsel who has an interest in seeing that his or her client gets a decision within the time periods set forth in the practice book. One side should not have the right to automatically extend the 120 day period without order of the court or consent from opposing counsel. If a party wants to submit additional case law or memorandums to the judge or referee that party should file a motion requesting the 120 period be extended and if the judge or referee feels more time is needed further briefs can be ordered or the opponent could agree to a waiver of the 120 days period. Otherwise the filing of unsolicited material by one side should not extend the 120 day period and the party who did not file any responsive material would have the ability to exercise any rights it might have to object to a decision filed beyond the 120 day period.
But these considerations are not present in the case before me. Here the very party who filed the unsolicited material now moves to have the referee's decision vacated because that decision was unfavorable. Somehow that does not seem quite fair. Rule 6 of our Rules of practice says that our rules are to be liberally interpreted so as to facilitate business and advance justice. True, Sec. 51-183b, PB 211A and 430A set up a bright line test for the running of the 120 day period which both sides of a dispute should be able to rely upon in determining when a decision should be filed in their case. But even precious constitutional rights can be waived under certain circumstances so it would seem that under appropriate circumstances a party can waive its right to a decision within 120 days of the trial.
One of those circumstances presents itself here. The defendant submitted over 50 pages of material to the referee presumably on the expectation that the referee would read it. A party should not be able to impose this type of work on a referee or judge thus requiring them to devote additional time and effort to their case by not only supplying material within the original 120 day period at a point close to its expiration but also supplying even more material months beyond that time, CT Page 2748 and then be able to move to dismiss a decision on the basis that it was untimely. To sum up in this case there are two reasons to find waiver: (1) the first material submitted in August was close to the expiration of the 120 day period and could have led to the original failure to comply with the 120 day rule and (2) the second material submitted months after the 120 day period was given to the referee on the expectation that it would be read. At the very least there should be a waiver with the 120 days to begin running from March 3, 1994, the last date on which the defendant submitted material. Having required the expenditure of judicial resources a party should not be permitted to assert that a decision resulting from an exercise of those resources must be declared null and void.
The Motion to Vacate and declare the referee's decision null and void is denied.
Corradino, J.