RICHARD D. LAUER ET AL. *v.* ZONING COMMISSION
OF THE TOWN OF REDDING ET AL.
(15206)
(15226)

Foti, Landau and Spear, Js.

Argued December 11, 1996—officially released March 25, 1997

*Michael N. LaVelle,* for the appellant (named
defendant).

*Helen L. McGonigle,* for the appellants (defendant
Luciano Angeloni et al.).

*Nancy Burton,* for the appellees (plaintiffs).

SPEAR, J. In this consolidated appeal, the defendants Luciano Angeloni and Debra Angeloni, owners of certain real property in the town of Redding, and the defendant Redding zoning commission (commission) filed separate appeals from the judgment of the trial court sustaining the plaintiff Richard Lauer's[1] appeal from the granting of the Angelonis' request to amend a special permit. The Angelonis claim, as a threshold issue, that the judgment of the trial court was rendered beyond the 120 day period set by statute and, as a result, should be vacated. The Angelonis and the commission both claim that the trial court improperly construed as mandatory § 5.1.2 of the Redding zoning regulations, which required the commission to submit the special permit application to three town agencies. We reverse the judgment.

The record reveals the following facts. The Angelonis obtained a special permit in 1989 to operate a riding academy in a residential zone in Redding. The 1989 permit allowed the owners to board a maximum of twenty-five horses at the academy.[2] On October 23, 1991, the owners applied to the commission to amend the special permit, seeking, inter alia, to increase the number of horses from twenty-five to forty. The commission granted the special permit on January 22, 1992. The plaintiff appealed to the Superior Court from the granting of the special permit. On April 3, 1995, 119 days after the trial was completed, the trial court issued the following order: "The administrative appeal is sustained. A memorandum will follow." On April 10, 1995,

[1] Richard Lauer owns property across a town road from the Angelonis' riding academy. Janice Pomazi joined Richard Lauer in his appeal to the Superior Court. The trial court found, however, that Pomazi lacked standing to appeal the granting of the permit because she did not have a specific personal and legal interest in the matter. She is not a party to this appeal. We refer in this opinion to Lauer as the plaintiff.

[2] The issuance of the 1989 permit was upheld in *Lauer* v. *Zoning Commission*, 220 Conn. 455, 600 A.2d 310 (1991).

the owners moved to set aside the order and for a mistrial, asserting that no judgment was rendered within the 120 day period set forth in General Statutes § 51-183b.[3] The trial court did not rule on the motion, but, instead, issued its memorandum of decision 143 days after the completion of the trial. The trial court sustained the appeal because it found that the commission had failed to follow what the trial court deemed to be the mandatory requirement of § 5.1.2 of the Redding zoning regulations. These appeals followed.

I

As a threshold issue, the Angelonis claim that the trial court improperly failed to set aside the April 3 order and to declare a mistrial for noncompliance with the 120 day rule contained in § 51-183b. We agree.

Section 51-183b provides that a judge "shall render judgment not later than one hundred and twenty days from the completion date of the trial of such civil cause. . . ." Practice Book § 334A (a) provides in pertinent part that "in judgments in trials to the court in civil . . . matters . . . the court shall, either orally or in writing, state its decision on the issues in the matter. The court shall include in its decision its conclusion as to each claim of law raised by the parties and the factual basis therefor. . . ."

"[T]he defect in a late judgment is that it implicates the trial court's power to continue to exercise jurisdiction over the parties before it. *Whitaker* v. *Cannon Mills Co.*, 132 Conn. 434, 438, 45 A.2d 120 (1945); *Foley* v.

---

[3] General Statutes § 51-183b provides: "Any judge of the Superior Court and any judge trial referee who has the power to render judgment, who has commenced the trial of any civil cause, shall have power to continue such trial and shall render judgment not later than one hundred and twenty days from the completion date of the trial of such civil cause. The parties may waive the provisions of this section."

*George A. Douglas & Bro., Inc.,* 121 Conn. 377, 380, 185 A. 70 (1936)." *Waterman* v. *United Caribbean, Inc.,* 215 Conn. 688, 692, 577 A.2d 1047 (1990). "Even after the expiration of the time period within which a judge has the power to render a valid, binding judgment, a court continues to have jurisdiction over the parties until and unless they object." Id. A late judgment is not necessarily void, but it is voidable. Id., 692–93. Parties to an action can waive the statutory time limits either by conduct or consent. Id., 692; see also *Hurlbutt* v. *Hatheway,* 139 Conn. 258, 263, 93 A.2d 161 (1952). Where the parties do not waive the provisions of § 51-183b, the trial court loses jurisdiction over the parties after the passage of 120 days. *Sanchez* v. *Prestia,* 29 Conn. App. 157, 161, 612 A.2d 824, cert. denied 224 Conn. 913, 617 A.2d 167 (1992). Unless the parties waive their rights or consent to a late judgment, a delay in a decision beyond the 120 day period requires a new trial. *Frank* v. *Streeter,* 192 Conn. 601, 603, 472 A.2d 1281 (1984).

In this case, the trial court issued an order sustaining the appeal 119 days after trial was completed, but did not issue its memorandum of decision until 143 days after trial. The trial court did not obtain a waiver of the 120 day period from the parties involved in this appeal, nor did the owners expressly or impliedly waive their rights.

We conclude that the order issued 119 days after trial was not in compliance with § 51-183b.[4] First, the order was not in the form required by Practice Book § 334A. It did not state facts or conclusions of law, but contained only two statements: (1) that the appeal was sustained, and (2) that a memorandum of decision would follow at a later date. Moreover, appellate rights, especially requests for certification in zoning cases, would be

---

[4] We are mindful of the demands on the trial court, however, the procedure used here was inappropriate.

adversely affected if an order, such as the one issued in this case, were deemed the judgment.[5] A party would be unable to cite claims for appeal or state why certification should be granted if the memorandum of decision is filed beyond the time for filing an appeal or petition for certification. Even if the memorandum is filed after 120 days, but before the time to appeal or request certification has expired, the parties would have been deprived of the benefit of the full time period allowed under the rules. Absent a waiver of the statutory time period, a timely and proper objection to a late judgment implicates the court's jurisdiction over the parties. Accordingly, we reverse the trial court's judgment.

## II

The Angelonis and the commission claim that the trial court improperly concluded that the disputed portion of § 5.1.2 of the Redding zoning regulations was mandatory rather than directory. We address this legal issue because it has been briefed and argued by the parties and should not become an issue on retrial.

Section 5.1.2 of the Redding zoning regulations provides in pertinent part: "Application materials may be submitted to the Zoning office or to a regularly scheduled meeting of the Commission. . . . One copy of the application, including all maps, plans and reports, *shall*

---

[5] Practice Book § 4009 (a) provides in pertinent part: "Except where a different time is provided by statute, a party shall have twenty days from the commencement of the appeal period. . . . [T]he appeal period shall commence on the date notice of the judgment or decision is given. . . ." Practice Book § 4142 provides that a party shall have twenty days from the time notice of the trial court's decision is issued to file a petition for certification. Section 4142.1 provides in pertinent part: "(a) A petition for certification shall contain the following sections in the order indicated here:

"(1) A statement of the questions presented for review, expressed in the terms and circumstances of the case but without unnecessary detail.

"(2) A statement of the basis for certification identifying the specific reasons why the appellate court should allow the extraordinary relief of certification. . . ."

be referred within 10 days of receipt, by the Commission, to the following Town agencies with a request for an advisory report: Board of Selectmen, Conservation Commission, Health Department, Planning Commission." (Emphasis added.)

In general, the word "shall" is mandatory, not directory. *Langan* v. *Weeks*, 37 Conn. App. 105, 121, 655 A.2d 771 (1995). Use of the word "shall," however, does not always indicate that a clause is mandatory. Id. The determination must focus on "whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . If it is a matter of substance, the [regulatory] provision is mandatory. . . . If, however, the . . . provision is designed to secure order, system and dispatch . . . it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words. . . . Such a [regulatory] provision is one which prescribes what shall be done but does not invalidate action upon a failure to comply." (Citations omitted; internal quotation marks omitted.) *Fidelity Trust Co.* v. *BVD Associates*, 196 Conn. 270, 278, 492 A.2d 180 (1985). Where the regulation contains no penalty for noncompliance, or where the language purports to establish procedure, it is deemed to be directory. *Langan* v. *Weeks*, supra, 122.

We conclude that § 5.1.2 is directory in nature, rather than mandatory. First, this regulation is found in the "Procedure" section of the zoning regulations. See, e.g., *Arrieu* v. *Litchfield*, 17 Conn. App. 320, 324, 552 A.2d 445 (1989). Second, the regulation does not contain language to invalidate actions that are not in compliance. Finally, § 5.1.2 sets forth a manner in which the zoning board seeks advisory opinions from town agencies and is designed merely to secure order, system and dispatch.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.