[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
"In order to reduce delay and its attendant costs",Building Supply Corp. v. Lawrence Brunoli Inc.,40 Conn. App. 89,96(1996), Section 51-183b of the General Statutes requires that a judge "render judgment" not later than 120 days from the "completion date" of a civil trial. Relying on this statute, the plaintiff has filed a motion for mistrial and a new trial. The claim is that this court has not rendered a final judgment within 120 days from June 19, 1997, the "completion date" of the trial of this tax appeal in the view of the plaintiff.
The trial of this matter consumed two full trial days. After the parties filed post-trial briefs, the court heard argument on their respective claims of fact and law on June 12, 1997 and gave the defendant until June 18 to provide supporting authority for one of its claims of law. By way of a 17-page memorandum of decision the court resolved the parties' claims, dismissed the plaintiffs' appeals as to all but three of the 63 motor vehicles the taxation of which was at issue and ordered the parties to submit additional material the court required before it could enter what it called a "final judgment" and an order of payment of delinquent taxes, penalties and interest by the plaintiff to the defendant. This memorandum was dated August 28, 1997 and filed on September 3, 1997. The defendant was given 30 days to submit revised tax figures for some of the years at issue between the parties and did so by September 25. The plaintiff having been given a like 30 days to respond to the defendant's submission, its deadline was October 25, six days after the 120-day period from June 19 expired. The court had also given the plaintiff the right to a hearing on any objections it might have to the defendant's revised tax figures. CT Page 12294
The plaintiff did file objections to the defendant's submission and request a hearing, and it also filed the objection to the court's claimed failure to decide this controversy within 120 days which is the subject of this memorandum. (In its filing of exceptions to the defendant's submission the plaintiff expressly reserved the jurisdictional claims raised in its motion for mistrial and a new trial.)
This chronology indicates that the court's actions comported with the purpose of Section 51-183b as expressed by the Supreme Court in considering its predecessor; viz., "to ensure that . . . the judge consider and decide the controversy expeditiously and within a reasonably brief period after trial".Gordon v. Feldman, 164 Conn. 554, 556 (1973). Nevertheless, the plaintiff, knowing it has been unsuccessful in its effort to avoid payment of taxes to the defendant for the years in question, seeks to employ the statute rigidly to obtain a new trial of the same issues before a different judge. In such a situation the court is entitled to view with suspicion the plaintiff's insistence on such a mechanical application of the statute, which would further delay rather than expedite the resolution of this controversy. As the Supreme Court said inFrank v. Streeter, 192 Conn. 601,605 (1984), "Delay in the trial courts is not remedied by affording disappointed litigants automatic access to new trials whenever the just resolution of their cases requires time for study and reflection".
The plaintiff seeks this result by relying on several rather aged cases which, it claims, establish that there is no obligation on a litigant to speak before the 120-day period expires. It may be, as the Supreme Court also found in Frank,supra, that these interpretations of a prior statute "furnish no guidance to the construction of the present statute" in this situation. 192 Conn. at 604. Even on its own terms, however, the plaintiff's motion must be denied. In Hurlbutt v. Hatheway,139 Conn. 258, 263 (1952), the Court affirmed that a waiver of the right to a decision before the end of the court session next succeeding the session at which a case was tried, the former statutory limit, would not "ordinarily" be inferred from a party's silence, "(u)nless some situation develops which in reason requires the party to protest and he does not protest". The Court went on to hold that a party may "consent to the delay either expressly or impliedly, as by agreeing to an additional hearing. . . ." Ibid. Accord: Building Supply Corp. v. LawrenceCT Page 12295Brunoli, Inc., op. cit. supra, 97; Ippolito v. Ippolito,28 Conn. App. 745, 749 (1992).
Here, the court finds that, when it resolved all the issues in this case except for the amount payable by the plaintiff to the defendant and the terms upon which it should be paid and set up a process for resolving that question, which would extend beyond the 120-day period from June 19, a proper respect for the purpose of Section 51-183b created a duty on the part of the plaintiff to object. See Ippolito v. Ippolito, Id, 749. Otherwise, the application of the statute's time period becomes "entirely mechanical" and contrary to its purpose, a result against which the Supreme Court cautioned in the Frank case, supra, at 605. The plaintiff's failure to speak under these circumstances constituted a waiver of its rights under the statute.
Alternatively, this court's order for further post-trial submissions is certainly analogous to the trial court's order of post-trial briefs in Frank v. Streeter, supra, in that the material in those submissions are "elements directly or indirectly to be considered in the rendering of a decision".Id., 604. Thus, as in Frank, the "completion date" of the trial would include the period during which the parties submitted and the court considered that material. As in Frank, these submissions were "component(s) of the judicial gathering of the materials necessary to a well-reasoned decision". Ibid. Therefore, the 120-day period of the statute will not begin to run until the court has entered the orders contemplated by its memorandum of August 28.
On each of the alternative grounds stated above the plaintiff's motion for a mistrial and a new trial is denied.
BY THE COURT
Shortall, J.