[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO SET JUDGMENT ASIDE AND/OR FOR A NEW TRIAL
The plaintiff moves this court to set aside the judgment, and/or for a new trial, on the ground that the trial court failed to render its judgment within the 120-day period set forth in General Statute §51-183b. The defendant claims a waiver of the time limits as permitted by the statute and/or an estoppel.
This case was tried to the court, Brennan, J., in June, 2000. Because CT Page 186 the division of personal property, including contents of the marital home, was at issue, the trial court determined to inspect this property at its location. This inspection did not take place until March 28, 2001, some nine months after completion of the trial. The parties agreed that the date of the final inspection, March 28, 2001, began the running of the 120 days for the court's decision pursuant to General Statute § 51-183b.
The court did not render its decision until October 11, 2001, 197 days after the close of evidence.
At no time prior to the 120 day deadline did the parties consent to an extension of time for the court's decision nor did the court request such an extension. At some point, at the beginning of August, 2001, after expiration of the deadline, counsel for both parties discussed requesting Judge Brennan to issue a decision notwithstanding its tardiness. Without their clients' prior approval, a proposed joint letter to Judge Brennan was drafted by plaintiff's counsel. Upon receipt of the draft, defendant's counsel discussed it with her client, obtained her authorization to sign, signed it, returned the letter to plaintiff's attorney for his signature and requested plaintiff's counsel to return a fully executed copy. Plaintiff's counsel, without his client's authorization, signed the letter and returned a copy to defendant's counsel, Attorney Dinan. He did not file the document because he never received his client's agreement to the extension of time or her authorization to sign it, but instead placed the document in his file.
Judge Brennan's decision, dated October 11, 2001, was filed on October 12, 2001. On October 24, the plaintiff filed his motion to set aside the judgment and/or for a new trial.
On November 6, 2001, after Judge Brennan's decision dated October 11, 2001, the defendant filed a Motion for Contempt and Counsel Fees for the plaintiff's failure to make payments of $320 per week pendente lite alimony and certain real estate taxes as ordered by Judge Cutsumpas on September 24, 1999. Judge Brennan's decision of October 11, 2000, contained no finding of an arrearage and ordered alimony payments of $300 per week.
As noted by our Supreme Court, section 51-183b imposes time limits on the power of a trial judge to render judgment in civil cases in order to reduce delay and its attendant costs. Waterman v. United Carribean,Inc., 215 Conn. 688, 691, 577 A.2d 1047 (1990)
 In past cases interpreting 51-183b and its predecessors, we have held that the defect in a late judgment is that CT Page 187 it implicates the trial court's power to continue to exercise jurisdiction over the parties before it. We have characterized a late judgment as voidable rather than as void; and have permitted the lateness of a judgment to be waived by the conduct or the consent of the parties. Thus, if both parties simultaneously expressly consent to a late judgment, either before the judgment is issued, or immediately thereafter, the judgment is valid and binding upon both parties, despite its lateness. Express consent, however, is not required. If a late judgment has been rendered and the parties fail to object seasonably, consent may be implied. (Citations omitted.) Id., 692. (Emphasis in original.)
However, where the parties do not waive the provisions of § 51-183b, the trial court loses jurisdiction over the parties after the passage of 120 days. Lauer v. Zoning Commission of the Town of Redding,44 Conn. App. 542, 544, 690 A.2d 893 (1997) Unless the parties waive their rights or consent to a late judgment, a delay in a decision beyond the 120-day period requires a new trial. Frank v. Streeter, 192 Conn. 601,603, 472 A.2d 1281 (1984).
The defendant claims that the joint letter, signed by counsel for both sides, "can reasonably be attributed as a waiver of the time limits set out in § 51-183b, especially in light of the holding in Waterman to the effect that if both parties simultaneously express consent to get the court to decide the matter, either before the judgment is issued or immediately thereafter, the judgment is valid and binding despite its lateness." Defendant's Memorandum in Opposition to Motion to Open Judgment, p. 2 December 19, 2001. The difficulty with the defendant's position is that both Waterman, supra, 192, and § 51-183b require consent or waiver by parties.
An attorney, however, "clothed with no other authority than that arising from his employment in that capacity has no implied powers by virtue of his general retainer to compromise and settle his client's claim or cause of action, except in certain conditions of emergency. Either precedent special authority from the client or subsequent ratification by him is essential in order that a compromise or settlement by an attorney shall be binding on his client. 5 Am.Jur. 319." Cole v.Myers, 128 Conn. 223, 227, 21 A.2d 396 (1941). "An attorney who is authorized to represent a client in litigation does not automatically have either implied or apparent authority to settle or otherwise compromise the client's cause of action." Acheson v. White, 195 Conn. 211,213 n. 4, 487 A.2d 197 (1985) CT Page 188
Our Supreme Court has held that, "A judgment rendered by the court upon the consent of the parties . . . can subsequently be opened . . . if it is shown that the stipulation, and hence the judgment, was obtained by fraud, in the actual absence of consent or because of mutual mistake." (Internal quotation marks omitted.) Celanese Fiber v. P.I.C. Yarns,Inc., 184 Conn. 461, 466, 440 A.2d 159 (1981)
Here, credible, uncontradicted testimony was presented that the plaintiff's attorney did not have the authority to enter any agreement to waive the statutory deadline. "[T]o create apparent authority, the principal must manifest to the third party that he `consents to have the act done on his behalf by the person purporting to act for him.'" Fennellv. TLB Kent Co., 865 F.2d 498, 502 (2d Cir. 1989) (quoting 1 Restatement [Second] Agency, § 27, p. 103, 1958). "Apparent authority thus must be determined by the acts of the principal rather than by the acts of the agent." Beckenstein v. Potter Carrier, Inc., 191 Conn. 120, 140,464 A.2d 6 (1983). There was no evidence that the plaintiff principal in any way indicated to the defendant or her counsel that he consented to a waiver of the statutory deadline or authorized his counsel to do so.
Because the plaintiff's attorney acted without the authorization of his client in signing the document dated August 7, 2001, and the document was never filed with the court, the plaintiff cannot be said to have consented to the late judgment or waived his right to object to the late judgment in this case. Furthermore, his filing of a motion to set aside the judgment and/or motion for a new trial twelve days after the filing of the memorandum of decision cannot be deemed unseasonable.
The defendant also claims that the judgment should not be reopened based upon an estoppel. She claims that the plaintiff should be estopped because after the August 7, 2001 letter was signed first by defendant's attorney and then by counsel for the plaintiff, the plaintiff wrongfully failed to file it with the court. The defendant claims that where a party acts wrongfully, by misleading the other, and that other party relies on this information to her detriment, that first party should be equitably estopped from taking advantage of his actions.
In this case, the evidence was not clear as to which attorney was responsible for forwarding the August 7, 2001 document to the court. However, an estoppel is not appropriate in any event. Here, prior to Judge Brennan's decision, the plaintiff was unaware of the August 7, 2001 document and did not authorize his attorney to either execute or file it. It is the party who must agree to waive the deadline. It would be inequitable to estop the plaintiff from asserting his objection to the late decision under these circumstances. Furthermore, the defendant's CT Page 189 motion for contempt and counsel fees, dated November 6, 2001, filed after Judge Brennan's decision and based on violations of pendente lite orders, in effect, acknowledged and recognized that the pendente lite orders, and not the orders in the dissolution decision, remained in effect.
For the foregoing reasons, the the Judgment and/or for a New Trial is granted.
HILLER, J.