RETINELLA BRAMWELL *v.* DEPARTMENT OF
CORRECTION
(AC 22961)

West, McLachlan and Peters, Js.

Argued September 12, 2003—officially released April 20, 2004

*John Rose, Jr.*, for the appellant (plaintiff).

*Terrence M. O'Neill*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Margaret Q. Chapple* and *Jane B. Emons*, assistant attorneys general, for the appellee (defendant).

*Opinion*

WEST, J. The plaintiff, Retinella Bramwell, appeals from the judgment of the trial court rendered in favor of the defendant in the plaintiff's action alleging racial

discrimination, negligent infliction of emotional distress and retaliation by the defendant department of correction. The plaintiff asserts that the court improperly denied her motion for a mistrial and for a new trial pursuant to General Statutes § 51-183b[1] because it was required to rule on the defendant's motion for judgment of dismissal within 120 days of the date that the last brief was filed pertaining to that motion, but failed to do so. In addition, she claims that because the court did not rule on the motion within 120 days, it lost jurisdiction. We conclude that § 51-183b does not apply to motions for judgment of dismissal and accordingly affirm the judgment of the trial court.

The following facts and procedural history are relevant to the plaintiff's appeal. The plaintiff began her employment with the department of correction as a head nurse in July, 1994. On June 5, 1997, the plaintiff brought an action against the defendant, alleging racial discrimination, negligent infliction of emotional distress and retaliation. The case was tried to the court on various dates between June and October, 2000.

At the close of the plaintiff's evidence, the defendant filed a motion for judgment of dismissal pursuant to Practice Book § 15-8[2] on the grounds that the plaintiff's claims were substantially time barred and that she had

[1] General Statutes § 51-183b provides: "Any judge of the Superior Court and any judge trial referee who has the power to render judgment, who has commenced the trial of any civil cause, shall have power to continue such trial and shall render judgment not later than one hundred and twenty days from the completion date of the trial of such civil cause. The parties may waive the provisions of this section."

[2] Practice Book § 15-8 provides: "If, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced evidence and rested his or her cause, the defendant may move for judgment of dismissal, and the judicial authority may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case. The defendant may offer evidence in the event the motion is not granted, without having reserved the right to do so and to the same extent as if the motion had not been made."

failed to establish a prima facie case of racial discrimination or retaliation. The court indicated that it would deny the motion at that time but would allow the defendant to renew its motion at the close of all the evidence.

After the close of the evidence, the court ordered the parties to file supplemental briefs on the defendant's motion for judgment of dismissal. The court then stated that after receiving those briefs, it would render a decision on the defendant's motion and that if it denied the motion, it would request posttrial briefs for the case-in-chief from both parties. The parties made no objection to the schedule. The final brief relating to the defendant's motion for judgment of dismissal was filed with the court on October 18, 2000.[3]

Four and one-half months later, the court had not issued a ruling on the defendant's motion for judgment of dismissal, and the plaintiff notified the defendant that more than 120 days had passed without a ruling and that the plaintiff was not waiving the 120 day rule of General Statutes § 51-183b. On March 12, 2001, the plaintiff filed a notice of objection to the allegedly past due judgment, which the court treated as a motion for a mistrial and for a new trial pursuant to § 51-183b. On March 30, 2001, 163 days after the last brief was filed, the court ruled on the defendant's motion for judgment of dismissal, denying the motion on the ground that the plaintiff had presented a prima facie case.

On June 1, 2001, the court conducted a hearing on the plaintiff's motion for a mistrial and for a new trial pursuant to § 51-183b. On July 27, 2001, the court denied the plaintiff's motion on the ground that the statutory 120 day time limit would not begin to run until the last posttrial brief was filed, which had not yet occurred at

---

[3] The final supplemental brief in the court file is date stamped October 23, 2000. That brief is an exact duplicate, however, of the defendant's reply brief, which was filed on October 18, 2000.

the time the court issued its ruling. On March 28, 2002, the court issued its memorandum of decision on the case-in-chief, which dismissed the plaintiff's complaint and rendered judgment for the defendant. This appeal ensued.

The plaintiff claims on appeal that it was improper for the court to deny her motion for a mistrial and for a new trial pursuant to § 51-183b. Specifically, the plaintiff argues that because the defendant's motion for judgment of dismissal *could have* resulted in a judgment if it had been granted rather than denied, the court was bound by § 51-183b and was required to rule on the motion within 120 days of the filing of the briefs. The plaintiff further argues that because the court did not rule on the motion within 120 days, the court lost jurisdiction over the case and that a new trial should be ordered. We are not persuaded by the plaintiff's argument.

When presented with an issue of statutory construction, our review is plenary. *Smith* v. *Yurkovsky*, 265 Conn. 816, 821, 830 A.2d 743 (2003). In a case such as this, we ascertain the meaning of the statute from its text if, after examining the text and considering its relationship to other statutes, the meaning of the text is plain and unambiguous, and does not yield absurd or unworkable results. See Public Acts 2003, No. 03-154, § 1.

The language of § 51-183b provides in relevant part that the judge "who has commenced the trial of any civil cause . . . shall *render judgment* not later than one hundred and twenty days from the completion date of the trial of such civil cause. . . ." (Emphasis added.) The language of the statute indicates only that the time limit is to apply to the rendering of judgments after trial. It does not, as drafted, contain any language that indicates that the time limit should also be applied to

rulings on motions, regardless of whether they hypothetically *could be* dispositive of the case and *could* result in a judgment if granted. "Where, as here, the language of a statute is clear and unambiguous, courts may not by construction supply omissions in a statute merely because the court feels that it has good reasons for doing so and that the statute would thereby be improved." *Joyell* v. *Commissioner of Education*, 45 Conn. App. 476, 486, 696 A.2d 1039, cert. denied, 243 Conn. 910, 701 A.2d 330 (1997). Thus, on the basis of the text of the statute, the 120 day time limit does not apply to the motion for judgment of dismissal in this case.

In addition, the plaintiff's claim also fails as a result of our Supreme Court's prior interpretation of the phrase, "from the completion date of trial." The completion date of trial, for purposes of the 120 day time limit of § 51-183b, "begins to run from the date that the parties file posttrial briefs or other material that the court finds necessary for a well reasoned decision. See *Frank* v. *Streeter*, 192 Conn. 601, 604–605, 472 A.2d 1281 (1984)." *Cowles* v. *Cowles*, 71 Conn. App. 24, 26, 799 A.2d 1119 (2002). In this case, at the time the court ruled on the motion for judgment of dismissal, the 120 day period had not begun to run. The parties had submitted only briefs pertaining to the defendant's motion for judgment of dismissal and did not file posttrial briefs until well after the court denied the defendant's motion. Although the plaintiff argues that "the trial of the matter was completed," the trial was not in fact complete until the posttrial briefs were filed months later. There is no dispute that the court's memorandum of decision resolving the case was rendered within 120 days of the filing of the last posttrial brief.

Although the plaintiff argues that the statute should be interpreted to include rulings on motions for judgment of dismissal made during or at the end of trial,

she has not provided this court with any authority to support the position that the statute means anything other than what it says. Although we note the importance of ruling on motions in a timely manner, we will not extend the 120 day time limit of § 51-183b to apply to a motion for judgment of dismissal pursuant to Practice Book § 15-8. Further, because the court was not bound by § 51-183b, it did not lose jurisdiction and, as such, a new trial is not warranted. "Delay in the trial courts is not remedied by affording disappointed litigants automatic access to new trials whenever the just resolution of their cases requires time for study and reflection." *Frank* v. *Streeter*, supra, 192 Conn. 605.

The judgment is affirmed.

In this opinion the other judges concurred.