JULIE M. COWLES *v.* ROGER L. COWLES
(AC 22107)
(AC 22108)

Lavery, C. J., and Schaller and Dupont, Js.

Submitted on briefs April 26—officially released July 9, 2002

*Kenneth J. Bartschi, Wesley W. Horton* and *Robert D. Zaslow* filed a brief for the appellant (plaintiff).

*F. Timothy McNamara* filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. The dispositive issue in this consolidated appeal is whether there is evidence in the record to support the trial court's finding that the plaintiff's counsel agreed to further waive the provisions of General Statutes § 51-183b beyond the time specified in the parties' previously stipulated agreement. We conclude that the court's finding of waiver was clearly erroneous and, accordingly, reverse the judgment of the trial court.

On June 18, 1998, the plaintiff filed a dissolution action, seeking alimony, counsel fees and the distribution of the marital assets. A three day trial was held before the court, ending on September 1, 2000. At the

court's request, the plaintiff filed a report on October 2, 2000.

On February 7, 2001, the court approved an agreement of the parties extending the period to render judgment until March 1, 2001. Believing that it was accommodating the plaintiff, however, the court did not issue a memorandum of decision until March 20, 2001. Notice was sent to the parties on the following day.

The plaintiff thereafter filed several procedural motions. Her counsel filed a motion to withdraw for an irretrievable breakdown in the attorney-client relationship, which was granted on April 11, 2001, and a motion for an extension of time to appeal, which also was granted. The plaintiff filed a pro se motion to reargue on April 10, 2001, which was denied. The plaintiff's new counsel filed a motion to set aside the judgment on May 24, 2001, which was denied on June 18, 2001. After oral argument on June 20, 2001, the court again denied the motion to set aside the judgment.

On July 10, the plaintiff filed two appeals, contesting the dissolution judgment and the court's denial of her motion to set it aside.[1] We consolidated the appeals upon the plaintiff's motion.

General Statutes § 51-183b provides: "Any judge of the Superior Court and any judge trial referee who has the power to render judgment, who has commenced the trial of any civil cause, shall have power to continue such trial and shall render judgment not later than one hundred and twenty days from the completion date of the trial of such civil cause. The parties may waive the

---

[1] The defendant argues that the appeal from the dissolution judgment should be dismissed as untimely. See Practice Book § 66-1. Although the appeal is clearly late, the proper vehicle to dispose of this case would have been a motion to dismiss in accordance with Practice Book § 66-8. See *Bio-Polymers, Inc.* v. *D'Arrigo*, 23 Conn. App. 107, 109 n.2, 579 A.2d 122 (1990).

provisions of this section." The one hundred twenty day period begins to run from the date that the parties file posttrial briefs or other material that the court finds necessary for a well reasoned decision. See *Frank* v. *Streeter*, 192 Conn. 601, 604–605, 472 A.2d 1281 (1984); *Northeast Savings, F.A.* v. *Scherban*, 47 Conn. App. 225, 231–32, 702 A.2d 659 (1997), cert. denied, 244 Conn. 907, 714 A.2d 2 (1998). In this case, that date was October 2, 2000, when the plaintiff filed her report. The parties, by written stipulation approved by the court, extended the deadline to March 1, 2001.

A judgment rendered beyond the time period specified by § 51-183b implicates the "court's power to continue to exercise jurisdiction over the parties before it." *Waterman* v. *United Caribbean, Inc.*, 215 Conn. 688, 692, 577 A.2d 1047 (1990). A late judgment is voidable rather than void. Id. If the parties waive the statute's provisions, the court may issue a binding judgment. Id. If a party seasonably objects, however, the judgment is voided. Id.; see also *Building Supply Corp.* v. *Lawrence Brunoli, Inc.*, 40 Conn. App. 89, 104, 669 A.2d 620, cert. denied, 236 Conn. 920, 674 A.2d 1326 (1996).

Mindful that waiver is a question of fact; see *New Milford Savings Bank* v. *Jajer*, 244 Conn. 251, 261 n.15, 708 A.2d 1378 (1998); and that we review the court's action to see if it was clearly erroneous; see, e.g., *Majernicek* v. *Hartford Casualty Ins. Co.*, 240 Conn. 86, 96, 688 A.2d 1330 (1997); we conclude that the court improperly found that the plaintiff had waived the provisions of § 51-183b beyond the stipulated time period. Although the court believed that it was accommodating the plaintiff in rendering the judgment when it did, that belief is not corroborated by the record, perhaps because the plaintiff changed attorneys shortly after the judgment was rendered. Additionally, the plaintiff seasonably objected by filing a motion to reargue on

April 10, 2001, seeking to set aside the judgment because she did not consent to its lateness. Accordingly, the judgment is void.

The judgment is reversed and the case is remanded for a new trial.