### GAIL H. MUNSON *v.* ROBERT J. MUNSON
#### (AC 26351)

DiPentima, Gruendel and Harper, Js.

---

Argued September 26—officially released December 26, 2006

*Steven R. Dembo*, with whom, on the brief, was *P. Jo Anne Burgh*, for the appellant (defendant).

*Campbell D. Barrett*, with whom were *Heather St. Germain*, certified legal intern, and, on the brief, *C. Michael Budlong* and *Kevin W. Hadfield*, certified legal intern, for the appellee (plaintiff).

*Opinion*

DiPENTIMA, J. The defendant, Robert J. Munson, appeals from the judgment of the trial court denying

his motion for modification of child support. On appeal, the defendant claims that the judgment must be reversed because the court made inconsistent factual findings in its memorandum of decision and because the decision is inconsistent with the court's subsequent articulation. We agree with the defendant and therefore reverse the judgment and remand the case for a new hearing on the motion.

The following facts and procedural history are pertinent to our resolution of the defendant's claim. The parties were married on June 16, 1989, and have four children, two of whom were still minors when the defendant filed the motion to modify. The parties' marriage was dissolved in 1994. The judgment of dissolution incorporated the parties' separation agreement, which provided for joint legal and physical custody of their children, whose residence was to be equally divided between each parent's household. As a result of the joint physical custody, neither parent was obligated to pay child support. The dissolution judgment further provided that the issue of child support would be reviewed in the future if the custody arrangement were to change.

On January 28, 2000, the defendant filed a motion for modification postjudgment seeking the payment of child support by the plaintiff. According to the defendant, the two minor children were then residing primarily in his custodial care. The parties and a guardian ad litem for the minor children reached an agreement on June 14, 2000, which was adopted by the court. That agreement maintained the parenting plan set forth in the dissolution decree and, other than discussing certain tax exemptions, left the financial issues for mediation. The defendant then filed a motion for support dated September 26, 2000, and another one dated October 12, 2000, neither of which were acted on by the

court. The defendant filed another motion for modification as to the financial issues, dated October 1, 2001, on which the court held hearings on December 9, 2002, and May 28, 2003. On February 16, 2005, the court issued a memorandum of decision denying the defendant's motion of October 1, 2001. This appeal followed. Thereafter, the defendant moved for articulation, which the court filed on July 15, 2005. On August 1, 2005, the defendant filed with this court a motion for review of the articulation. This court granted the defendant's motion but denied the relief requested. Additional facts will be set forth as necessary.

On appeal, the defendant claims that the court made contradictory findings of fact with respect to the primary residence of the minor children and that the court's subsequent articulation was not only inconsistent with its decision but contained factual findings that were contradictory to the evidence. We agree with the defendant on both of his claims.

As a preliminary matter, we set forth the appropriate standard of review. Generally, "[a]n appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented." (Internal quotation marks omitted.) *Smith* v. *Smith*, 249 Conn. 265, 282, 752 A.2d 1023 (1999). This case, however, requires us to first decide the threshold issue of whether the court's memorandum of decision and subsequent articulation provide us with a clear factual record on which to review the court's judgment. See *State* v. *Wilson*, 199 Conn. 417, 445–46, 513 A.2d 620 (1986). "The construction of a judgment is a question of law for the court." *Lashgari* v. *Lashgari*, 197 Conn. 189, 196, 496 A.2d 491 (1985).

The following additional facts are relevant to our resolution of the defendant's claim. In its memorandum

of decision, the court stated that "[t]he parties, especially the plaintiff, offered substantial testimony that although the two remaining minor children reside with the defendant the majority of the time, they still have free access to the plaintiff and reside with her for a portion of the time, especially the daughter, Kimberly." In the same decision, the court also stated that, "[a]lthough the children are with the [defendant] father the majority of the time, the [plaintiff] mother continues to provide a home for them whenever they wish to be with her. Kimberly continues to be with the plaintiff the majority of the time." The defendant subsequently requested that the court articulate, inter alia, whether there had been a substantial change in circumstances with respect to the minor children's actual residences. On this issue, the court's articulation stated only that "the credible testimony of the plaintiff was that the youngest daughter primarily lived with her and the youngest son lived with the defendant." The parties agree that the testimony of the plaintiff at the second hearing was to the contrary; at that time, the minor son primarily resided with the plaintiff and the minor daughter primarily resided with the defendant.

The plaintiff argues that the decision as a whole provides a coherent factual basis for the court's ruling. In support of her argument, she posits two theories by which to reconcile the inconsistent factual statements regarding the minor children's primary residence; that the different statements refer to different periods of time, or that the different statements refer to the children's time spent with each party calculated in the aggregate over the years since the dissolution of the parties' marriage. In response, the defendant argues that the plaintiff's theories find no support in the memorandum of decision itself and therefore amount to no more than speculation. We agree with the defendant.

It is axiomatic that a "judgment should admit of a consistent construction as a whole." (Internal quotation marks omitted.) *Lashgari* v. *Lashgari*, supra, 197 Conn. 197. "[I]n civil cases when a verdict rests upon a factual finding contradictory to another finding of the same issue by the trier the judgment cannot stand." *Magnan* v. *Anaconda Industries, Inc.*, 193 Conn. 558, 577, 479 A.2d 781 (1984); *Chapman* v. *Norfolk & Dedham Mutual Fire Ins. Co.*, 39 Conn. App. 306, 315, 665 A.2d 112, cert. denied, 235 Conn. 925, 666 A.2d 1185 (1995). Despite the plaintiff's valiant efforts, we have no basis on which to credit her theories. Neither the memorandum of decision nor the articulation mention specific time frames or calculations of residence in the aggregate. Without a clear basis in the record, this court cannot choose among conflicting facts to justify a particular outcome. See *State* v. *Wilson*, supra, 199 Conn. 439. The very fact that the plaintiff has proposed two competing theories to explain the court's findings supports our conclusion that such a record does not exist.

We also find unavailing the plaintiff's attempt to dismiss the court's erroneous statement in the articulation concerning the children's residence as a harmless scrivener's error. "A clerical error does not challenge the court's ability to reach the conclusion that it did reach, but involves the failure to preserve or correctly represent in the record the actual decision of the court." (Internal quotation marks omitted.) *Maguire* v. *Maguire*, 222 Conn. 32, 40, 608 A.2d 79 (1992). The court's statement in its articulation contradicts the very testimony of the plaintiff that it purports to credit. As we have already noted, we do not have a clear memorandum of decision from which we can readily understand the court's reasoning and therefore safely assume that the error in the articulation was simply clerical in nature.

Moreover, even if the court's misstatement of the plaintiff's testimony was a clerical error, the articulation does not reconcile the original inconsistencies in the memorandum of decision or elucidate the court's reasoning for its judgment. Consequently, we would have no reason to select the articulated findings, if correctly stated, over the findings in the memorandum of decision. See *Koper* v. *Koper*, 17 Conn. App. 480, 484, 553 A.2d 1162 (1989). Substituting the articulation of findings for the findings in the memorandum of decision without explanation as to how they are consistent would violate the limited purposes an articulation may properly serve. See *Fantasia* v. *Milford Fastening Systems*, 86 Conn. App. 270, 284, 860 A.2d 779 (2004) ("[a]n articulation is not an opportunity for a trial court to substitute a new decision nor to change the reasoning or basis of a prior decision" [internal quotation marks omitted]), cert. denied, 272 Conn. 919, 866 A.2d 1286 (2005). Moreover, any effort on our part to resolve the conflict between the contradictory findings and articulation would put us in the untenable position of retrying the facts. See *Koper* v. *Koper*, supra, 484.

The court has not provided a clear factual record by which we can review its judgment. The crucial findings of fact in the memorandum of decision are inconsistent and irreconcilable, and the articulation obfuscates rather than clarifies the court's reasoning. Consequently, we conclude that the motion must be relitigated, and the factual question of the children's residence must be resolved for a determination of the disputed financial issues. See *State* v. *Wilson*, supra, 199 Conn. 445; *Leslie* v. *Leslie*, 174 Conn. 399, 404, 389 A.2d 747 (1978).

The judgment denying the defendant's motion for modification of child support is reversed and the case is remanded for a new hearing.

In this opinion the other judges concurred.