# JAMES F. JORDAN III *v.* DIANA M. JORDAN
## (AC 31450)

DiPentima, C. J., and Lavine and Lavery, Js.

Argued September 16—officially released November 23, 2010

*Peter M. Berry*, for the appellant (defendant).

*Carlo Forzani*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this marital dissolution action, the defendant, Diana M. Jordan, claims that she is entitled to a new trial because the trial court impermissibly rendered its judgment more than 120 days after trial by issuing two corrected memoranda of decision.[1] See General Statutes § 51-183b.[2] The defendant's claim, however, is governed by General Statutes § 52-212a,[3] which permits a trial court to open and to correct its judgment within four months. See *State* v. *Wilson*, 199 Conn. 417, 437, 513 A.2d 620 (1986). We, therefore, affirm the judgment of the trial court.

The plaintiff, James F. Jordan III, commenced this action to dissolve the parties' twenty year marriage in 2007. Following a trial to the court over several days

[1] In her appellate brief, the defendant states her claim as follows: "Whether the trial court made an error of law when it denied [her] motion for a new trial when it ruled that [it] had made a judgment within 120 days following trial by finding that its 'Memorandum of Decision' issued and dated August 21, 2009, was a final judgment pursuant to Connecticut law and its additional memoranda of decision that substantially changed the decision were merely 'corrections' and not new final judgments." See footnote 2 of this opinion.

[2] General Statutes § 51-183b provides in relevant part: "Any judge of the Superior Court and any judge trial referee who has the power to render judgment, who has commenced the trial of any civil cause . . . shall render judgment not later than one hundred and twenty days from the completion date of the trial of such civil cause. The parties may waive the provisions of this section."

[3] General Statutes § 52-212a provides in relevant part: "[A] civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered . . . ."

in April, 2009, the defendant filed revised proposed orders on April 28, 2009. The court rendered judgment in a nine page memorandum of decision, with attachments, on August 21, 2009. In its memorandum of decision, the court dissolved the parties' marriage and issued numerous orders concerning the parties' minor children, finances and property. From page one through the middle of page five of the court's memorandum of decision, the court referred to the plaintiff as the "plaintiff husband," using a masculine pronoun, and to the defendant, using a feminine pronoun. On page five, the court transposed the designation of plaintiff and defendant but continued to refer to the parties by the gender appropriate pronouns, e.g., "[t]he defendant shall continue his present medical and dental insurance . . . ."

On September 4, 2009, the defendant filed a motion for a new trial, claiming that the court had failed to issue its decision within 120 days of the completion of trial as required by § 51-183b.[4] On that same date, the defendant also filed an appeal grounded in the transposition of the party designations in the court's memorandum of decision. On September 8, 2009, the court sua sponte issued a corrected memorandum of decision in which it corrected some, but not all, of the transposition errors.

On September 21, 2009, the plaintiff filed a motion for articulation, in which he identified six sections of the

[4] On September 21, 2009, the plaintiff filed an objection to the motion for a new trial, arguing that the court's decision was issued within 120 days of the defendant's having submitted her revised proposed orders. See *Cowles* v. *Cowles*, 71 Conn. App. 24, 26, 799 A.2d 1119 (2002) ("The one hundred twenty day period begins to run from the date that the parties file posttrial briefs or other material that the court finds necessary for a well reasoned decision. See *Frank* v. *Streeter*, 192 Conn. 601, 604–605, 472 A.2d 1281 [1984].").

During oral argument in this court, the defendant acknowledged that the August memorandum was issued within 120 days of trial. We, therefore, need not address the claim.

first corrected memorandum of decision that needed to be clarified "to ensure that the court's intended orders are followed . . . ." The court heard arguments from counsel on October 15, 2009, regarding the defendant's motion for a new trial and the plaintiff's motion for articulation. During the proceeding, the court described the mistakes in its memorandum of decision as "what clearly [are] scrivener's errors." The court denied the defendant's motion for a new trial and granted the plaintiff's motion for articulation.

On October 20, 2009, the court issued a second corrected memorandum of decision. The defendant objected, claiming that the second corrected memorandum of decision was a new judgment because it materially changed the court's orders and was untimely because it was issued more than 120 days from the date that she filed her revised proposed orders. Moreover, she argued, her motion for a new trial filed on September 4, 2009, constituted an objection to the filing of a late judgment pursuant to § 51-183b, and, therefore, the judgment rendered by the second corrected memorandum is void ab initio. On October 30, 2009, the defendant filed a second motion for a new trial[5] and an amended appeal. The court overruled the defendant's objection to the second corrected memorandum of decision, and the defendant filed this appeal. The defendant claims that she is entitled to a new trial because the court's first and second corrected memoranda each represent a separate judgment improperly issued more than 120 days after trial.[6] "The construction of a judgment is a question of law for the court." (Internal quotation marks omitted.) *Munson* v. *Munson*, 98 Conn. App. 869, 872, 911 A.2d 1158 (2006).

---

[5] The court denied the defendant's motion for a new trial and her subsequent motion for reargument regarding the motion for a new trial.

[6] The defendant does not contend that the court abused its discretion in dissolving the parties' marriage or in issuing its related orders.

It is well established that a court's ability to modify a prior ruling ordinarily is limited by § 52-212a. See *Rocque* v. *Light Sources, Inc.*, 275 Conn. 420, 432, 881 A.2d 230 (2005); see also General Statutes § 52-212a; Practice Book § 17-4; *Commissioner of Transportation* v. *Rocky Mountain, LLC*, 277 Conn. 696, 706, 894 A.2d 259 (2006). "Where judicial error exists . . . § 52-212a imposes a time limit so that a judgment may not be modified in matters of substance beyond a period of four months after the judgment has become final. *State* v. *Wilson*, [supra, 199 Conn. 437]." (Internal quotation marks omitted.) *Rome* v. *Album*, 73 Conn. App. 103, 107 n.3, 807 A.2d 1017 (2002). Our Supreme Court has recognized, however, that "it is within the equitable powers of the trial court to fashion whatever orders [are] required to protect the integrity of [its original] judgment." (Internal quotation marks omitted.) *Rocque* v. *Light Sources, Inc.*, supra, 433. "A trial court possesses the power to modify substantively its own judgment within four months succeeding the date on which it was rendered or passed. . . . A court may correct a clerical error at any time, even after the expiration of the four month period." (Citation omitted.) *Cioffoletti* v. *Planning & Zoning Commission*, 34 Conn. App. 685, 689, 642 A.2d 1220, cert. denied, 230 Conn. 916, 645 A.2d 1018 (1994). "It is axiomatic that a judgment should admit of a consistent construction as a whole." (Internal quotation marks omitted.) *Munson* v. *Munson*, supra, 98 Conn. App. 874. "A clerical error does not challenge the court's ability to reach the conclusion that it did reach, but involves the failure to preserve or correctly represent in the record the actual decision of the court." (Internal quotation marks omitted.) Id.

In this case, the court issued its first corrected memorandum of decision on September 8, 2009, just weeks after it rendered a judgment of dissolution. The second corrected memorandum of decision was issued on

October 20, 2009, approximately six weeks after the first corrected memorandum of decision was issued. The court, therefore, permissibly opened its August 21, 2009 judgment and issued corrected memoranda of decision within the four month time frame permitted by § 52-212a.[7]

The judgment is affirmed.

---

[7] In her reply brief, the defendant raised for the first time a claim that the court improperly ordered her to pay the mortgage on the family home, the real property taxes and the home equity line of credit until the property was sold. It is well established that this court does not review claims raised for the first time in a reply brief. See *Radcliffe* v. *Radcliffe*, 109 Conn. App. 21, 24, 951 A.2d 575 (2008).