ANTHONY SANTOS *v.* ZONING BOARD OF APPEALS
OF THE TOWN OF STRATFORD ET AL.
(AC 31814)

DiPentima, C. J., and Sheldon and Schaller, Js.

Argued March 18—officially released July 9, 2013

*Ian Angus Cole,* for the appellant (plaintiff).

*James Cresswell,* for the appellees (defendants).

*Opinion*

SCHALLER, J. The dispositive issue in this appeal is whether there is evidence in the record to support the trial court's finding that the plaintiff, Anthony Santos, waived the provisions of General Statutes § 51-183b by executing more than one agreement to extend the time for the court to render judgment. We conclude that the court's finding of waiver was clearly erroneous and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of the plaintiff's appeal. The plaintiff purchased property located in the town of Stratford (town) at a tax auction. Subsequently, the plaintiff

brought an action against the defendants, the town and the zoning board of appeals of the town. The plaintiff alleged that by refusing to issue two minor variances, the defendants permanently and substantially interfered with his use and enjoyment of the land amounting to a taking of the property without just compensation. The plaintiff also alleged that the town was unjustly enriched by the amount of money it received from the plaintiff from the purchase of the land. This matter was tried to the court and evidence was presented on December 15 and 16, 2005, and the parties filed posttrial briefs in February, 2006.

Because the court had not yet rendered judgment, in August, 2007, the parties signed and filed a written consent to an extension of time for the court to render a decision, up to and including November 12, 2007. The relevant language of the extension provided as follows: "The parties are willing to grant the court a *limited* extension of time within which to render a decision, up to and including Monday, November 12, 2007. Nothing herein shall be construed as consent to an extension of time beyond November 12, 2007, or as a waiver of the provisions of [§] 51-183b if the trial court renders a decision after November 12, 2007, and it is [the] express intent of the parties at the time of the execution hereof that this extension of time is a *final* extension of time and does not extend the jurisdiction of the court to render a decision after November 12, 2007." (Emphasis in original.) On January 6, 2009, the court still not having rendered judgment, the parties agreed to a *second* extension of time for the court to render a decision. The extension was signed by parties' attorneys and extended the time for the court to render a decision up to and including April 6, 2009. The January, 2009 extension was substantively identical to first extension, filed in August, 2007, with the exception of the relevant dates.

On May 27, 2009, after the April 6, 2009 deadline stipulated in the parties' second extension, the trial court rendered judgment in favor of the defendants. The plaintiff filed a motion to set aside the judgment and for a new trial on May 29, 2009, on the ground that the judgment was untimely; the defendants filed an objection thereto on August 12, 2009. On December 10, 2009, the court denied the plaintiff's motion and this appeal followed. In the interim, the court granted the plaintiff's motion for articulation on March 13, 2012, and issued an articulation in which it stated: "By their multiple extensions of time, the parties have waived the provisions of § 51-183b . . . ." The court subsequently denied the plaintiff's motion to clarify or refine its articulation dated March 13, 2012.

On appeal, the plaintiff asserts that the court erred in denying his motion to set aside the judgment and for a new trial. The plaintiff specifically argues that he did not permanently waive the 120 day requirement of § 51-183b by agreeing to two extensions of time by which the court must render judgment. We agree with the plaintiff and conclude that the trial court's finding of waiver was clearly erroneous.

We first set forth the standard of review and legal principles that will guide our analysis. Our Supreme Court has held that "the defect in a late judgment is that it implicates the trial court's power to continue to exercise jurisdiction over the parties before it. . . . Even after the expiration of the time period within which a judge has power to render a valid, binding judgment, a court continues to have jurisdiction over the parties until and unless they object. It is for this reason that a late judgment is merely voidable, and not void." (Citation omitted; internal quotation marks omitted.) *Foote* v. *Commissioner of Correction*, 125 Conn. App. 296, 300–301, 8 A.3d 524 (2010); see also *Waterman* v. *United Caribbean, Inc.*, 215 Conn. 688,

692, 577 A.2d 1047 (1990). "If a party seasonably objects [to the late judgment], the judgment is voided." *Cowles* v. *Cowles*, 71 Conn. App. 24, 26, 799 A.2d 1119 (2002).

Section 51-183b provides in relevant part that "[a]ny judge of the Superior Court . . . shall render judgment not later than one hundred and twenty days from the completion date of the trial of such civil cause. The parties may waive the provisions of this section." "The one hundred twenty day period begins to run from the date that the parties file posttrial briefs or other material that the court finds necessary for a well reasoned decision." *Cowles* v. *Cowles*, supra, 71 Conn. App. 26. "Whether conduct constitutes a waiver is a question of fact. . . . Our review therefore is limited to whether the judgment is clearly erroneous or contrary to law." (Internal quotation marks omitted.) *Foote* v. *Commissioner*, supra, 125 Conn. App. 302.

The court erroneously concluded that the plaintiff had waived the provisions of § 51-183b by executing multiple agreements to extend the period for the court to render judgment. In so holding, we find *Cowles* persuasive. In *Cowles*, the parties executed an agreement extending the period for the court to render judgment. *Cowles* v. *Cowles*, supra, 71 Conn. App. 25. The trial court issued its memorandum of decision after that time period expired under the mistaken belief that it was accommodating the plaintiff, and the plaintiff objected by filing a motion to reargue. Id. This court declared the trial court's judgment void, concluding that the plaintiff did not consent to the judgment past the stipulated extension date and had seasonably objected to the untimely judgment by filing a motion to reargue approximately one month after the court issued its decision. Id., 26–27.

Although the parties in the present case executed two extensions, the agreements, as in *Cowles*, set forth

a specific date beyond which their consent to a late judgment would not extend. In fact, both of these agreements expressly provided that the extension was limited to the stipulated date set forth therein, nothing within the agreement should be construed to grant further extension beyond the stipulated date, and the agreement would not serve as a waiver of the parties' rights under § 51-183b should the court issue its decision beyond the stipulated date. The defendants cannot point us to any authority that multiple extensions alone are a proper basis for concluding that the parties waived the provisions of § 51-183b or that the additional extension renders this case so distinguishable from *Cowles* that its holding is inapplicable.[1] Furthermore, as in *Cowles*, the plaintiff seasonably objected to the court's judgment by filing a motion to set aside the judgment and for a new trial two days after the court issued its untimely decision. See id., 26–27 (objection seasonable when motion filed one month after late judgment rendered). Accordingly, the court's late judgment, rendered after the stipulated date in the parties' second extension, is voidable. For the foregoing reasons, we conclude that the court's finding of waiver on the ground that the plaintiff agreed to multiple extensions was clearly erroneous and further conclude that the court improperly denied the plaintiff's motion to set aside the judgment and for a new trial.[2]

---

[1] The defendants also argue that the plaintiff's conduct supports a finding that he waived the provisions of § 51-183b. Specifically, they assert that by agreeing to two extensions that delayed the time to render judgment by over 900 days past the statutory deadline, the plaintiff implicitly waived his statutory rights. Although the defendants correctly assert that a party's conduct may constitute an implicit waiver, the record is bare of any indication that the court considered this argument or based its ruling upon this ground. In its articulation, the court stated only that the multiple extensions constituted a waiver and declined to articulate further. Accordingly, our analysis is limited to the ground upon which the trial court based its ruling, and we therefore decline to address this issue.

[2] Because our resolution of this issue is dispositive, we decline to address the plaintiff's remaining claims that pertain to the merits of the trial court's decision.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.