******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ANTHONY SANTOS *v.* ZONING BOARD OF APPEALS
OF THE TOWN OF STRATFORD ET AL.
(AC 37281)

Sheldon, Mullins and Beach, Js.

*Syllabus*

The plaintiff landowner brought this action against the defendant town and
its zoning board of appeals alleging that, by denying certain requested
variances that would have allowed him to construct a home on certain
of his real property, the defendants had taken his property through
inverse condemnation and had been unjustly enriched thereby. The trial
court rendered judgment for the defendants, from which the plaintiff
appealed to this court. *Held* that the trial court properly determined
that the plaintiff had failed to prove his claim for inverse condemnation:
the plaintiff's claim that he had a reasonable investment-backed expecta-
tion of use of the property that was thwarted by the defendants' regula-
tions was unavailing, as he conceded that the difficulty occasioned by
the deficient width of the building lot could be remedied with little
expense by adjusting the building line and inserting a certain limitation
in his deed and, accordingly, the application of the zoning regulations
did not amount to a practical confiscation of the property or infringe
on the plaintiff's reasonable investment-backed expectations of use and
enjoyment of the property; moreover, there was no merit to the plaintiff's
claim that the defendants had been unjustly enriched by preventing him
from developing his property, which abutted certain open space owned
by the town, this court having determined that the application of the
town's regulations did not result in a taking of the plaintiff's property.

Argued February 2—officially released July 11, 2017

(Appeal from Superior Court, judicial district of
Fairfield, Radcliffe, J.)

*Procedural History*

Action to recover damages for, inter alia, the alleged
taking by inverse condemnation of certain of the plain-
tiff's real property, and for other relief, brought to the
Superior Court in the judicial district of Fairfield and
tried to the court, *Radcliffe, J.*; judgment for the defen-
dants, from which the plaintiff appealed to this court.
*Affirmed.*

*Ian Angus Cole*, for the appellant (plaintiff).

*Sean R. Plumb*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Anthony Santos, appeals from the judgment of the trial court in favor of the defendants, the town of Stratford (town) and its Zoning Board of Appeals (board). On appeal, the plaintiff contends that the court improperly held that the plaintiff had failed to prove his claims for (1) inverse condemnation and (2) unjust enrichment. We affirm the judgment of the trial court.

The following facts, as found by the court or not contested, are relevant to this appeal. The plaintiff purchased an unimproved parcel of land in Stratford at a tax sale conducted by the town in May, 2002. The prior owner had owned the property for approximately seventeen years, but had never attempted to develop the property. The town had never formally approved the property as a building lot. In noticing the sale of the property, the town included a warning that the property had not been guaranteed to be buildable under the town's current zoning regulations. The property was sold to the plaintiff for approximately one half of its assessed value, and the prior owner made no attempt to exercise his right to redeem the property in the six months following the sale.

After the sale was complete, the plaintiff attempted to develop the property as a residential building lot. Because the property contained wetlands, the plaintiff applied for a permit from the town's Inland Wetlands and Watercourses Commission. He then learned that two variances were required in order to build a home on the lot. One variance was required in order to construct a building near wetlands, and another was required because the lot, by application of the zoning regulations,[1] did not meet the lot width requirement set forth in those regulations. The board denied the requested variances, noting that because the plaintiff's predecessor in title had created the plaintiff's lot in a way that did not conform to the town's zoning regulations, the board lacked the power to grant a variance. The plaintiff appealed, and the trial court affirmed the board's decision, reasoning that the plaintiff had failed to establish that the denial of the variance would cause him an unusual hardship. The plaintiff appealed to this court, and this court affirmed. See *Santos* v. *Zoning Board of Appeals*, 100 Conn. App. 644, 918 A.2d 303, cert. denied, 282 Conn. 930, 926 A.2d 669 (2007).

In 2004, while his appeal from the board's decision was pending, the plaintiff commenced the present action against the defendants alleging that the act of denying the requested variances by the board (1) constituted a taking of his property through inverse condemnation; and (2) resulted in the town's unjust enrichment. The trial court rendered judgment[2] for the defendants, holding that (1) the plaintiff failed to establish his claim

for inverse condemnation, in large part because he had failed to demonstrate that he had a reasonable investment-backed expectation in the property; and (2) the plaintiff's claim for unjust enrichment had no basis in the evidence. This appeal followed.

The plaintiff first argues that the court improperly determined that he failed to prove his claim for inverse condemnation. He claims that the court erred in relying on facts irrelevant to an inverse condemnation analysis as set forth in *Penn Central Transportation Co.* v. *New York City*, 438 U.S. 104, 98 S. Ct. 2646, 57 L. Ed. 2d 631 (1978), and in failing to consider facts that were relevant to that analysis. We agree with the court's determination that the plaintiff has failed to prove his claim for inverse condemnation.

As a preliminary matter, we state the standard of review applicable to the resolution of the plaintiff's appeal. In considering a claim for inverse condemnation, "we review the trial court's factual findings under a clearly erroneous standard and its conclusions of law de novo." *Rural Water Co.* v. *Zoning Board of Appeals*, 287 Conn. 282, 298, 947 A.2d 944 (2008).

"[A]n inverse condemnation occurs when either: (1) application of the regulation amounted to a practical confiscation because the property cannot be used for any reasonable purpose; or (2) under a balancing test, the regulation's application impermissibly has infringed upon the owner's reasonable investment-backed expectations of use and enjoyment of the property so as to constitute a taking." Id., 299.

The plaintiff argues that he had a reasonable investment-backed expectation that he would be able to build a residential home on the property. He claims that the board's denial of the requested variances has foiled this expectation, and, therefore, that the defendants have effected a taking of his property. The plaintiff has conceded, however, that he may still be able to build a home on the property. If the plaintiff adjusts the building line by inserting a limitation in his deed such that the lot width deficiency is remedied, and if the board approves a building plan consistent with that adjustment, he will be able to build a home on his property.[3] Both parties conceded this point in their briefs and at oral argument before this court. It is undisputed, then, that the problem could be solved with relatively little expense.[4] In light of the agreement that the difficulty is readily correctible,[5] a conclusion that application of any regulation amounted to confiscation, or that a *reasonable* investment-backed expectation had been thwarted, is obviously untenable.[6]

The application of the zoning regulations to the plaintiff's property did not "infringe upon the owner's reasonable investment-backed expectations of use and enjoyment of the property *so as to constitute a taking*";

(emphasis added) *Rural Water Co.* v. *Zoning Board of Appeals*, supra, 287 Conn. 299; because the plaintiff has not been deprived of any reasonable investment-backed expectation.[7] See id., 302 ("[b]ecause the plaintiff failed to establish either that it had been deprived of all beneficial use of the property or that it had been deprived of a reasonable investment-backed expectation, the trial court properly dismissed the plaintiff's inverse condemnation claim"). We agree with the court's conclusion that there has been no inverse condemnation.

The plaintiff also claims that the court improperly concluded that he failed to prove his claim of unjust enrichment. He argues that because the town has prevented him from developing his property, "[t]he town has essentially added 2.3 acres of [the plaintiff's] land to the ten acres of open space that the town already owns immediately to the east . . . and equity requires that the town compensate [the plaintiff] for the benefit it has derived from preventing [the plaintiff] from developing his property."

As we previously held, the application of the town's regulations did not result in a taking of the plaintiff's property. We have carefully reviewed the record and the arguments of both parties on the unjust enrichment issue, and we find the claim to be without merit.

The judgment is affirmed.

[1] The property was situated in an RS-3 zone, which, according to § 4.2 of the Stratford Zoning Regulations, required "minimum lot width" of 100 feet. The "line of measurement" of the width was to touch the building line, pursuant to § 1.32 of the regulations. The building line was defined as a "line parallel to the street at a distance equal to the required front yard . . . ." Id., § 1.10. By this standard, the building line was drawn across the property's "panhandle," which abutted the street. By this figuring, the width of the property at that point was approximately fifty feet.

[2] The case was tried twice. The first judgment was vacated because of the trial court's failure to comply with the requirements of General Statutes § 51-183b. See *Santos* v. *Zoning Board of Appeals*, 144 Conn. App. 62, 67, 71 A.3d 1263, cert. denied, 310 Conn. 914, 76 A.3d 630 (2013). The judgment from which the plaintiff appeals was rendered in 2014.

[3] As the plaintiff stated in his reply brief, "the minimum lot width was 100 feet and that lot width is measured at the building line and . . . the regulations allowed him to set, by limitation in his deed, the location of the building line at a distance of 125 feet from the street thus eliminating a potential problem with inadequate lot width and obviating any need to apply for a variance."

Section 1.10 of the Stratford Zoning Regulations provides an exception for the place to measure minimum width; although ordinarily it is to be measured at the distance from the required front yard—in this case, twenty-five feet—it may be measured at a greater distance "by limitation in a deed." A width of approximately 200 feet could be found, if the line were farther from the street.

[4] The plaintiff's attorney conceded at oral argument before this court that altering the building line on the deed is "not very complicated" and would take him about half a day's work.

[5] See also *Santos* v. *Zoning Board of Appeals*, supra, 100 Conn. App. 650 n.4 ("The plaintiff contends, however, that the location of the building line under the regulations is not fixed but rather can be set arbitrarily, at any greater distance by the board or the property owner, by limitation in the deed. According to the plaintiff, by inserting a provision in his deed setting the building line at 125 feet from the street, the lot width issue evaporates and no variance is required. Inasmuch as the building line has not been otherwise established by limitation in the deed, we decline to consider this

hypothetical scenario.")

[6] The trial court held that no *reasonable* expectation was foiled by regulatory action, because the regulatory situation was ascertainable throughout the relevant period of time, the town had disclaimed any representations as to use of property, the plaintiff's predecessors had created the nonconformity, and the purchase price reflected the speculative nature of the transaction. The court held as well that, in any event, the property was not without value. We do not disagree with the conclusions of the court.

[7] The trial court did not expressly decide the "limitation in the deed" issue, nor did the parties directly assert this ground. The factual issue had been suggested in *Santos* v. *Zoning Board of Appeals*, supra, 100 Conn. App. 650–51, however, and both sides have recognized the available reconciliation.